```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                    FORT MYERS DIVISION

CHRISTOPHER B. DWYER,

            Plaintiff,

vs.                                 Case No.  2:06-cv-60-FtM-29DNF

STATE   FARM   MUTUAL   AUTOMOBILE
INSURANCE COMPANY,

            Defendant.
_____
```

**OPINION AND ORDER**

This matter comes before the Court on the following motions: (1) Plaintiff Dwyer's Motion for Summary Judgment (Doc. #23) filed on September 12, 2006; and (2) Defendant State Farm Mutual Automobile Insurance Company's (State Farm) Motion for Partial Summary Judgment (Doc. #26) filed on September 26, 2006. Based on the Court's resolution of these motions, State Farm's Motion to Dismiss Count II of the Plaintiff's Amended Complaint (Doc. #16) will be granted.

**I.**

The issue before the court involves insurance coverage of a motor vehicle accident. The parties filed a Joint Stipulation of Facts for the Purpose of Summary Judgment (Doc. #22), and both parties agree that Count I should be resolved on summary judgment.

On January 12, 2003, Christopher Dwyer (Plaintiff or Dwyer) loaned his Porsche 911 Carrera to Ariel Lugo (Lugo). Lugo lost control of the vehicle and struck a tree, and thereby damaging the

Porsche.  No other vehicles were involved, and no physical injuries were suffered.  Dwyer sued Lugo for negligence in state court to recover the damages to the Porsche.  At the time Lugo was insured by State Farm Mutual Automobile Insurance Company (State Farm), and had purchased "Coverage A" of the policy which provided liability coverage for both bodily injury and property damage.  State Farm denied it was liable for damages or required to defend under Lugo's policy, and did not defend Lugo against Dwyer's suit.  The state court entered summary judgment in favor of Dwyer and against Lugo in the amount of $55,430 in damages plus interest at the statutory rate commencing from the date of the accident.  (Doc. #22-3.)

Lugo subsequently assigned his claims against State Farm to Dwyer, who then filed a two count Amended Complaint.  (Doc. ## 12, 22-4.)  The first count alleges that State Farm breached its obligations under the insurance policy by failing to provide Lugo with representation and failing to pay the judgment against Lugo.  The second count alleges that State Farm did not attempt in good faith to settle the claim pursuant to Fla. Stat. § 624.155(1)(b)(1).  Additional facts are set forth below as needed.

**II.**

Coverage A of Lugo's insurance policy (hereinafter 'the policy') (Doc. #22-2) provides that State Farm "will:  1. pay damages which an **insured** becomes legally liable to pay because of . . . damage to or destruction of property including the loss of

-2-

its use, caused by accident resulting from the ownership, maintenance or use of **your car**, and 2. Defend any suit against an **insured** for such damages . . ." (Doc. #22-2, p. 7.) (terms in bold are defined terms in the policy.)  This "liability coverage extends to the use, by an **insured**, of a . . . **non-owned car**." (Doc. #22-2, p. 10.)  The parties are in agreement that Lugo is the insured and that the Porsche was a non-owned car within the meaning of the policy.  Thus, under the policy State Farm agrees to pay for the damages for which Lugo becomes legally liable to pay because of damage to or destruction of property, including the loss of its use, caused by accident resulting from the use of the Porsche and will defend any suit against Lugo for such damages.

Coverage A also contains a relevant exclusion of coverage, which provides that "THERE IS NO COVERAGE . .. 4. FOR ANY DAMAGES TO PROPERTY OWNED BY, RENTED TO, IN CHARGE OF OR TRANSPORTED BY **AN INSURED**."   (Doc. #22-2, p. 12.)   State Farm relied upon this exclusion to deny coverage and a duty to defend, asserting that Lugo was "in charge of" the Porsche and thus damage to the Porsche was within the exclusion.  (Doc. #26, p. 3.)

Reviewing the insurance contract in its entirety, the Court finds that the contract is not ambiguous and clearly articulates the limits on coverage. <u>Florida Farm Bureau Cas. Ins. v. Chick Smith Ford, Inc.</u>, 390 So. 2d 183, 184 (Fla. 2d DCA 1980) found a substantially identical exclusion to be unambiguous, and concurred

with the overwhelming majority of cases which "concluded that a clause worded in the manner of the one at issue here excludes liability coverage for damages to a vehicle driven by the insured with the owner's permission." No Florida case is to the contrary, and neither <u>Taurus Holdings, Inc. v. U.S. Fidelity and Guarantee Company</u>, 913, So. 2d 528 (Fla. 2005) nor <u>J.S.U.B., Inc. v. U.S. Fire Ins. Co.</u>, 906 So. 2d 303 (Fla. 2d DCA 2005), <u>review granted</u> 925 So. 2d 1032 (Fla. Apr. 5, 2006) hold otherwise.

Plaintiff argues that State Farm's assertion that there was no coverage violates Fla. Stat. § 324.022[1] and § 627.7275[2]. Plaintiff

---

[1] Fla. Stat. § 324.022 provides in relevant part that:

> Every owner or operator of a motor vehicle . . shall, by one of the methods established in s. 324.031 or by having a policy that complies with s. 627.7275, establish and maintain the ability to respond in damages for liability on account of accidents arising out of the use of the motor vehicle in the amount of $10,000 because of damage to, or destruction of, property of others in any one crash.

[2] Fla. Stat. § 627.7275(1) provides that:

> A motor vehicle insurance policy providing personal injury protection as set forth in s. 627.736 may not be delivered or issued for delivery in this state with respect to any specifically insured or identified motor vehicle registered or principally garaged in this state unless the policy also provides coverage for property damage liability in the amount of at least $10,000 because of damage to, or destruction of, property of others in any one accident arising out of the use of the motor vehicle or unless the policy provides coverage in the amount of at least $30,000 for combined property damage liability and bodily injury liability in any one accident arising out of the use of the motor vehicle. The
> (continued...)

argues that Fla. Stat. § 627.7275 prohibits the exclusion at issue here.  However, as State Farm points out, Dwyer's motion omits the last sentence of the statute which explicitly allows for exemptions, stating that "[t]he policy, as to coverage of property damage liability, must meet the applicable requirements of s. 324.151, subject to the usual policy exclusions that have been approved in policy forms by the office."  Fla. Stat. § 627.7275. This provision allows insurance policies to include exclusions on the condition that they are pre-approved by the Office of Insurance Regulation of the Financial Services Commission (OIR).  In the present case, Lugo's policy, including the exclusion in question, was submitted and approved by the Florida Department of Insurance.[3] Dwyer asserts that courts have held exclusions invalid even after they have been approved by OIR. (Doc. #28, p. 3.) None of the cases cited by Dwyer relate to the exclusion in question here. On the contrary the Florida cases that have addressed the exclusion at issue, or ones similar, have found this type of exclusion valid. <u>See e.g.</u> <u>Hodapp v. Shelby Mut. Ins. Co.</u>, 166 So. 2d 772 (Fla. 2d DCA 1964)(finding that policyholder's insurance did not cover damage to car in part because policy excluded damage to property

---

(...continued)
    policy, as to coverage of property damage liability, must
    meet the applicable requirements of s. 324.151, subject
    to the usual policy exclusions that have been approved in
    policy forms by the office.

[3] The Florida Department of Insurance was the predecessor to the Office of Insurance Regulation.

over which the insured was exercising physical control at the time of accident).

Plaintiff, relying on Allstate Indem. Co. v. Wise, 818 So. 2d 524 (Fla. 2d DCA 2001), further argues that the exclusion provision violated public policy. Specifically, in Wise the court stated that an insurance policy "may not contain exclusions which destroy the effectiveness of the policy as to any substantial segment of that public." Id. at 527. In light of Chick Smith Ford, the Court finds this argument unpersuasive. Therefore, for the foregoing reasons, the Court finds that the exclusion provision is valid, and that summary judgment is appropriate in favor of State Farm.

Having found that coverage did not extend to the damage to the Porsche, the stay as to Count II will be lifted and Count II will be dismissed. The Florida Supreme Court has ruled that a cause of action for bad faith under Fla. Stat. § 624.155(1)(b)(1) "does not accrue before the conclusion of the underlying litigation for the contractual uninsured motorist insurance benefits." Blanchard v. State Farm Mut. Auto. Ins., 575 So. 2d 1289, 1291 (Fla. 1991). Therefore, the Motion to Dismiss Count II is granted.

Accordingly, it is now

**ORDERED**:

1. Plaintiff Christopher Dwyer's Motion Summary Judgment (Doc. #23) is **DENIED.**

2. Defendant State Farm Mutual Automobile Insurance Company's Motion for Partial Summary Judgment (Doc. #26) is **GRANTED**.

3. Defendant's Motion to Dismiss Count II of the Plaintiff's Amended Complaint (Doc. #16) is **GRANTED**.

4. The Clerk shall enter judgment in favor of State Farm Mutual Automobile Insurance Company and against Christopher Dwyer, terminate all pending deadlines as moot, and close the case.

**DONE AND ORDERED** at Fort Myers, Florida, this __16th__ day of May, 2007.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record